**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Jose Luis Pita-Mota,<br><br>            Defendant/Movant. | No. CR-09-01114-001-PHX-GMS<br><br>**ORDER** |

Pending before this Court is Defendant Jose Luis Pita-Mota's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 417). For the reasons set forth herein, the motion is denied.

**BACKGROUND**

Beginning on September 1, 2009, Defendant was charged via indictment with the following offenses: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (Count One), Distribution and Possession with Intent to Distribute Methamphetamine (Count Two), Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Three), Felon in Possession of a Firearm (Count Six), and Reentry after Deportation (Count Nine). (Docs. 13, 55, 120.) On June 30, 2010, Defendant was found guilty by a jury of all counts except Count Three. (Doc. 166 at 1–2.) The Court sentenced Defendant to 324 months on Counts One and Two, and 120 months on Counts Six and Nine on October 21, 2010. (Doc. 240.) The Court ordered the sentences to run

concurrently. (Doc. 240 at 1.) The United States Court of Appeals for the Ninth Circuit affirmed Defendant's convictions and sentence on direct appeal. (Doc. 320-2.)

On June 30, 2016, Defendant was resentenced to 262 months as to Counts One and Two after amendments were made to the United States Sentencing Commission's Guidelines ("USSG"). (Doc. 352 at 2–3; Doc. 356.) "Amendment 782 reduced the base offense level for most drug crimes by 2 levels, including the crime involved here. Amendment 788 made Amendment 782 retroactive to cases with otherwise final sentences, thus allowing defendants . . . to take advantage of the reduction under 18 U.S.C. § 3582(c)(2)." (Doc. 352 at 2.) The sentence for Counts Six and Nine remained the same. (Doc. 356.)

The instant § 3582(c)(2) motion and request for counsel followed. Defendant's projected release date is August 24, 2030. (Doc. 417 at 2.)

## DISCUSSION

### I. Legal Standard

"The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such case, Congress has authorized courts to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

### II. Analysis

Defendant challenges the purity of the methamphetamine he was found guilty of possessing. (Doc. 417 at 3.) He asserts that he was charged with "actual meth," but if he possessed a "meth mixture," "the guidelines would have been much lower, project[ing] a lesser sentence" under the proposed amendments. (*Id.* at 1, 3–4.)

First, Defendant does not cite to any proposed amendments that would lower his base offense level. USSG 2D1.1(c)(4) gives a base offense level of 32 when the Defendant

has "at least 150 G but less than 500 G of Methamphetamine (actual)." United States Sentencing Commission, Guidelines Manual § 2D1.1(c)(4) (Nov. 2021). Defendant, however, did receive a 32 base offense level for 380.5 grams of actual methamphetamine in 2016 when the Court reduced Defendant's sentence for Counts One and Two from 324 months to 262 months of incarceration. (Doc. 356.) The two-level upward adjustment remained because a co-defendant possessed a firearm, bringing the total offense level for Counts One and Two to 34. (Docs. 352, 355, 356.)

Second, Defendant did not receive a role enhancement. (PSR at ¶ 27.) He was "described as a broker or middle-man" whose leadership role was not clear, so the Court viewed Defendant as an "average participant." (*Id.*)

Thus, Defendant is not eligible for a reduction in his sentence based on USSG 2D1.1(c)(4) or any proposed amendment to the guidelines. (Doc. 417 at 3.)

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 417) is **denied**. Defendant's previous imposed sentence of 262 months of imprisonment as reflected in the Amended Judgment (Doc. 356) is **affirmed**. All provisions of the June 30, 2016 Amended Judgment (Doc. 356) shall remain in effect.

**IT IS FURTHER ORDERED** denying Defendant's Request to Appoint Counsel (Doc. 417 at 2) as **moot**.

Dated this 12th day of April, 2024.

_____
G. Murray Snow
Chief United States District Judge